UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MARLON JAMES PETTIEWAY** | : | **DOCKET NO. 2:23-cv-00009** |
| D.O.C. # 344538 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **W. STRENT, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court are the original and amended civil rights complaints [docs. 1, 17, 18, 20, 21, 23], filed pursuant to 42 U.S.C. § 1983, by plaintiff Marlon James Pettieway, who is proceeding pro se and *in forma pauperis* in this matter. Pettieway is currently incarcerated at the Clay County Detention Center in Liberty, Missouri, but his claims arise out of an incident that occurred while incarcerated at the Calcasieu Correctional Center ("CCC"). He names the following as defendants: W. Strent, L. Jones, M. Courville, Supervisor Wilcox, Nurse July, John Doe, Deputy Rosenbaum[1], Mid States Services, Peak, and Warden Nugent.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**I.**
**BACKGROUND**

In his original complaint, plaintiff makes a vague statement that he was harmed by a prison official, and this harm caused physical injury "necessary of money damages." Doc. 1, p. 3. The exhibits attached to his complaint represent that on or about December 19, 2022, plaintiff bit into

---

[1] Deputy Rosenbaum was substituted in plaintiff's Second Amended Complaint, filed on April 3, 2023, as he was previously erroneously identified as Deputy Duhon. Doc. 18

-1-

a rock that was in his food. Doc. 1, att. 2, p. 1. He elaborates that a rock chipped his teeth and that he has shown several deputies, nurses and supervisors. *Id*. at p. 5. He contends that following the incident, he spoke with several prison officials. *Id*. at p. 3. Nurse Julie "gave [him] something but it didn't help." *Id*. He alleges that he has continued to tell deputies and nurses what happened, and he has been told there isn't anything that can be done. *Id*.

On March 23, 2023, the undersigned ordered plaintiff to amend his complaint to cure certain deficiencies, including compliance with FRCP 8, providing facts to establish what each defendant did that displayed a subjective intent to cause harm and to set forth facts to establish deliberate indifference and personal involvement on the part of each defendant who allegedly denied him medical care. Doc. 16.

On April 3, 2023, plaintiff filed his first Amended Complaint, setting forth details of his claim. Specifically, he reiterates that he began filing grievances and making complaints regarding the chipped tooth to defendants Strent, Jones, Courville, Wilcox, Nurse Julie and Rosenbaum following the December 19, 2022, incident. Doc. 17. Shortly after the incident, he began to experience pain in his face, neck, back and shoulder. Unaware that it could have been nerve damage related to the tooth pain, he reported this pain to the defendants who "kept saying there isn't anything that could be done." *Id*.

On January 3, 2023, plaintiff was sent to the dentist for medical care, who "decided not to do anything because [he] was still in pain" and it was determined that they would wait until March 1, 2023, to "see how I felt." *Id*.

On February 1, 2023, defendant Warden Nugent called plaintiff into his office, and they contacted the dentist. *Id*. Plaintiff returned to the dentist for medical care on February 2, 2023. *Id*. He was then told he may need a root canal. On February 3, 2023, Warden Nugent responded

to plaintiff's grievance note stating, "Our Risk Manager will come see you." *Id*. Plaintiff complains that he hasn't "heard anything from anybody since then." *Id*.

On May 3, 2023, and May 9, 2023, plaintiff filed his Third and Fourth Amended Complaints, naming Mid States Services, the food service company that runs the prison kitchen, and Peak, their food supplier, as defendants. Docs. 20, 21.

On July 11, 2023, plaintiff notified the Court that he had been transferred from CCC to the Clay County Detention Center in Liberty, Missouri.

Finally, on September 25, 2023, plaintiff filed a final Amended Complaint, restating his claims. Doc. 23.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Pettieway has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. Delay of Medical Care

Plaintiff alleges that he was denied medical care.

Claims of deliberate indifference by prison personnel to a prisoner's serious medical needs is actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that

even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006); *Lewis v. Evans*, 440 F. App'x 263, 264 (5th Cir. 2011). A prison official is deliberately indifferent if he or she has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir.2004) (the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); *Washington v. La Porte County Sheriff's Dep't*, 306 F.3d 515 (7th Cir. 2002) (same).

Under *Estelle*, deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104. This is true where the indifference is manifested by prison officials or prison healthcare providers in their response to the prisoner's needs or in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id*. Thus, in order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id*.

However, a prisoner's mere disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. *Gobert*, 463 F.3d at 346; *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Therefore, inadequate medical treatment of inmates, at a certain point, may rise to the level of a constitutional violation, while malpractice or negligent care does not. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action."); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving

or failing to supply medical treatment would not support an action under Section 1983."); *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Rather, a plaintiff must show that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In this case, the allegations set forth in Pettieway's complaints establish that he was given medical care by the officials at CCC. Specifically, he was treated by Nurse Julie following the incident. Doc. 1, att. 2, p. 3. An allegation that the medication prescribed by her "didn't help" challenges an exercise of medical judgment. *See Brauner v. Coody*, 793 F.3d 493, 499 (5th Cir. 2015) (describing prisoner's contention that doctor should have prescribed something stronger than mere over-the-counter pain mediation as a "classic example[] of a matter for medical judgment" (citation omitted)); *Alegria v. Adams*, 204 F. App'x 375, 376 (5th Cir. 2006) (per curiam) (We further hold that the evidence supports the magistrate judge's finding that the adjustments made by [defendants] to [prisoner's] [medication] dosage were medical judgments as opposed to deliberate indifference to his pain."); *Jefferson v. Inglese*, No. 15-3990, 2016 U.S. Dist. LEXIS 51563, 2016 WL 1558780, at *7 (E.D. La. Apr. 18, 2016).

Further, he was seen by a dentist not once, but twice, upon request. At the time he was transferred out of CCC, he was receiving medical care[2]. Accordingly, Pettieway all but concedes that his complaints ultimately were *not* ignored, but instead were met with two dentist appointments. Furthermore, his disagreement with the dentist's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis

---

[2] To the extent that plaintiff seeks injunctive relief, his request would be moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an [offending] institution often will render his claims for injunctive relief moot.")

or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir.1985).

For the foregoing reasons, Pettieway's medical indifference claims are frivolous and otherwise fail to state a claim for which relief can be granted.

### D. Claims against Mid State Services and Peak

Plaintiff also makes an Eighth Amendment claim against Mid State Services, the company that oversees the kitchen at CCC, and Peak, its food supplier.

An Eighth Amendment claim has two required components. *See Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. *See id*., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. *Id*., 111 S. Ct. at 2324 (*quoting Rhodes v. Chapman*, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. *See id*. at 2328; *Farmer*, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. *See id.,* 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. *See Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of plaintiff's confinement. *Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the Mid States Services' or Peak's

conduct was sufficiently harmful enough to deprive him of life's basic necessities. *See Wilson*, 111 S. Ct. at 2324

While a "single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected[,]" evidence "of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010).

Plaintiff does not allege that these defendants knowingly harmed him, intentionally harmed him, or were deliberately indifferent to a substantial risk of serious harm, nor does he allege frequent or regular injurious incidents of foreign objects in the food at CCC. At best, plaintiff's claim against Mid State Services and Peak sounds in negligence, but negligence is not actionable under Section 1983.

Accordingly, plaintiff's claims against these defendants should be dismissed with prejudice as frivolous.

## II.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE